## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**MARK ANTHONY DUNSON**                                                               **PLAINTIFF**

**v.**                                 **CIVIL ACTION NO. 3:21-cv-413-BJB**

**CHRISTINA C. LYONS**                                                 **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Mark Anthony Dunson initiated this *pro se* 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses this lawsuit.

### I. STATEMENT OF CLAIMS

Plaintiff, an inmate at the Kentucky State Reformatory (KSR), names as Defendant Christina C. Lyons, an "APRN" (or Advanced Practice Registered Nurse) with "Corrections Care Solutions," the medical provider for KSR.

It appears from the Complaint that Plaintiff suffered from chronic neck pain for some time. Plaintiff alleges:

> My pain meds from Jan. to Dec. 4, 20 I taking off my pain meds and I was told to buy pain releavers from Canteen[.] In all my sick-call medical Records, all my encounters with my doctor I describe my pain[.] I hurt constanly so bad my pain is a 10 out 10[.]

DN 1 at 4.

Plaintiff further alleges that his neck is "not right"; that his pain is "worsening daily"; and that he is "being forced off of" his muscle relaxer, which he states he had been taking since May 2020. He states that his muscle-relaxer prescription is being discontinued because he refuses to

have contact with Defendant Lyons for fear of retaliation and "problems" because he is "currently proceeding an outside case" on Defendant Lyons. *Id*. at 5.

Plaintiff attaches 200 pages of exhibits, almost all of which are his prison medical records.

As relief, Plaintiff asks for monetary damages. *Id*. at 6.

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true, but has no obligation to accept "fantastic or delusional" allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a reviewing court liberally construes *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

### A. Claims under the Eighth Amendment

Reading the Complaint liberally, Plaintiff alleges that the denial of medication for the pain in his neck on December 4, 2020, violates his Eighth Amendment right to be free from cruel and unusual punishment. In particular, Plaintiff alleges that he is no longer given pain medication for his neck but instead must buy it from the canteen and that his prescription for a

muscle relaxer is being discontinued because he refuses to be seen by Defendant Lyons. Neither of these allegations, however, rises to the level of a constitutional violation.

The Eighth Amendment protects convicted prisoners from "cruel and unusual punishments." U.S. Const. amend. VIII. The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners may constitute the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

Plaintiff alleges that he was taken off of his pain medication on December 4, 2020 and told to buy pain relievers from the canteen. The medical records attached to the Complaint show that Plaintiff had neck surgery in 2019 and that, since arriving at KSR in January 2020, Defendant Lyons had prescribed Plaintiff a number of different medications for his chronic neck pain, including prescription pain medication and muscle relaxers, all of which he claimed did not work.[1] *See* DN 1-2 at 19–20. On September 21, 2020, he reported to KSR Health Services that his pain medicines were "'not helping anymore and [were] hurting my stomac[h].'" *Id*. at 105. On September 28, 2020, Defendant Lyons saw Plaintiff, who reported "the medications: baclofen, nortriptyline, Relafen, Cymbalta and now Zanaflex are not helping [with neck pain]." At that time, he refused an increase in Cymbalta, stating, "'I really don't want to take it.'"[2] Defendant Lyons discontinued his prescription for Duloxetine (generic for Cymbalta) and prescribed Tylenol and Ibuprofen. *Id*. at 109.

---

[1] The KSR medical notes also document that Plaintiff was known for drug-seeking behavior, *id*. at 138, and that he had refused to take prescribed the pain medications Nortriptyline and Cymbalta despite being advised of the need to stay on these medications long enough to reach therapeutic levels. *Id*. at 45, 64, 109.

[2] Cymbalta is prescribed for, among other things, chronic pain. *See* www.drugs.com.

3

According to a December 23, 2020, medical note, Plaintiff stated that he had received no pain medication since December 3. The note documents that Plaintiff "has been on both Ibuprofen and Tylenol" and that these medications "should be available for him to purchase from the canteen as he is not on the indigent list. No further action is required at this time." DN 1-2 at 137. The medical records, however, show that Plaintiff was no longer receiving Ibuprofen and Tylenol via prescription, but his prescription for analgesic ointment was renewed on December 23, 2020, three days before his September 2020 prescription was due to expire. He also was prescribed Zanaflex, a muscle relaxer, on December 21, 2020. DN 1-2 at 145.

Plaintiff does *not* allege that he cannot buy pain medication from the canteen. In fact, his Complaint indicates that he has been buying pain medication from the canteen. *See* DN 1 at 4-5 ("[I have] been suffering without any pain meds since Dec. 4 but what I buy from Canteen[.]"). Plaintiff, therefore, fails to state an Eighth Amendment claim related to having to buy medicine from the canteen.

To the extent that Plaintiff is alleging an Eighth Amendment claim because of continued pain in his neck that has not been alleviated by Defendant Lyons's treatment, his claim also fails. As the voluminous records attached to his Complaint show, Plaintiff has received continued care from Defendant Lyons for his neck pain. For example, in 2020, he saw Defendant Lyons for his neck at least five times: on January 14, when he was prescribed Baclofen and Nortriptyline (DN 1-2 at 19-20); February 11, when he was prescribed Topamax (*id*. at 28-29); March 17, when his prescription for Nabumetone (generic for Relafen, an NSAID) was discontinued due to "elevated creat[ine]" and changed to Tylenol (*id*. at 38-39); June 17, when his prescription for Nortriptyline was cancelled and he was put on Tizanidine (Zanaflex) and Duloxetine (Cymbalta) (*id*. at 56, 60-61, 64); and September 28, when Cymbalta was discontinued because Plaintiff did

4

not want to take it (*id*. at 109-11).

The Sixth Circuit has noted that, in the context of deliberate-indifference claims, "we distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* "A plaintiff must also show that his claim involves more than a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment." *Wilson v. Smith*, No. 3:15-CV-P456-CRS, 2015 WL 6870142, at *4 (W.D. Ky. Nov. 6, 2015) (citing *Westlake*, 537 F.2d at 860, n.5). Plaintiff thus fails to state a claim for deliberate indifference to a serious medical need related to either having to buy over-the-counter medicine or as to the inadequacy of Defendant Lyons's treatment.

Nor do Plaintiff's allegations about the discontinuation of his muscle relaxer prescription show that he was denied treatment. Instead, Plaintiff alleges that his prescription for a muscle relaxer is being discontinued because he refuses to see Defendant Lyons.[3] He states:

> The reason for stoping my meds is because I [won't] have contact with "Dr. Lyons" the doctor who I'm "Sueing" they forcing me to be in contact with her or be cut off all my meds and I explain I'm currently proceeding an outside case on the "Dr. Lyons" who they want me to see and I [won't] out of fear of retallyation and problems.

DN 1 at 5.

The fact that Plaintiff was willing to let his prescription lapse rather than see Defendant Lyons does not state an Eighth Amendment claim. A prison cannot be expected to provide a

---

[3] A "Medical Response" form dated May 18, 2021 and attached to the Complaint states that Defendant Lyons would need to re-evaluate Plaintiff before renewing his prescription for Zanaflex. DN 1-2 at 183.

5

different healthcare provider simply because a prisoner requests one. Plaintiff "has no constitutional right to choose his doctor[.]" *Brittenham v. Dinsa*, No. CIVA 10-10257, 2010 WL 1576842, at *2 (E.D. Mich. Apr. 20, 2010); *see also Simms v. Neil*, No. 08-1346RMB, 2008 WL 1924873, at *3 (D.N.J. Apr. 29, 2008) ("An inmate has no constitutional right to a medical practitioner of his choice[.]") (citations omitted). Nor does the Constitution provide inmates with "unqualified access to healthcare," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), or a right to see a doctor other than ones they've sued, *Stephen v. Tilestone*, No. 2:20-CV-1841 KJN P, 2020 WL 5642363, at *4 (E.D. Cal. Sept. 22, 2020) ("The fact that prison officials required plaintiff to continue being seen by a doctor whom plaintiff had sued fails to state a cognizable Eighth Amendment claim."). The Court, therefore, finds that Plaintiff has not stated a claim for the alleged discontinuation of his prescription for a muscle relaxer.

### B. Retaliation claim

Plaintiff explains that the reason that he will not see Defendant Lyons for treatment is that he fears retaliation for having brought a lawsuit against her. A retaliation claim requires "actual injury, rather than a speculative fear of injury[.]" *Freeman v. Carraway*, No. 5:19CV-P150-TBR, 2019 WL 6242593, at *3 (W.D. Ky. Nov. 21, 2019); *Valley Forge Christian College v. Ams. United for Separation of Church & State*, 454 U.S. 464, 471 (1982). Here, Plaintiff's speculative fear of retaliation does not state a retaliation claim. *See Ely v. Campbell*, 8 F. App'x 472, 473 (6th Cir. 2001) (affirming district court's dismissal of retaliation claim where *pro se* prisoner plaintiff merely speculated "that he might be subjected to retaliation for filing his suit").

### C. Allegations related to grievance

Finally, the Complaint also contains an explanation of difficulties Plaintiff experienced trying to get a response to a grievance. DN 1 at 4. These difficulties do not appear to have

6

anything to do with Defendant Lyons, and Plaintiff does not allege that they do. Nor has Plaintiff provided any factual enhancement to allow the Court to ascertain whether the claims are cognizable. In any event, "the denial of or failure to act upon an inmate's grievance does not, by itself, subject a prison official to liability." *Nation v. White*, No. 5:20-CV-P104-BJB, 2021 WL 768132, at *3 (W.D. Ky. Feb. 26, 2021).

### III. CONCLUSION

For the foregoing reasons, the Court, by separate Order, will dismiss this lawsuit.

Date:


cc: Plaintiff, *pro se*
       Defendant
B213.009